1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9  WILLIE WEAVER,                          CASE NO. 1:06-CV-00278-OWW-LJO-P

10              Plaintiff,                 ORDER DISMISSING ACTION, WITH
                                           PREJUDICE, FOR FRIVOLITY
11       v.
                                           (Doc. 1)
12  TEHACHAPI, CA MAIL ROOM,
                                           ORDER THAT DISMISSAL COUNTS AS A
13              Defendant.                  STRIKE UNDER 28 U.S.C. § 1915(G)

14  _____/

15
16       Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights

17  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 13, 2006, and neither paid

18  the filing fee in full nor filed an application to proceed in forma pauperis.  On March 30, 2006,

19  plaintiff was ordered to file an application to proceed in forma pauperis or pay the $250.00 filing fee

20  in full within thirty days.  Plaintiff filed an application to proceed in forma pauperis on April 18,

21  2006.  The application was not signed by a prison official and was not accompanied by a certified

22  copy of plaintiff's trust account statement.  On June 13, 2006, the Court issued an order requiring

23  plaintiff to pay the filing fee in full or file a completed application to proceed in forma pauperis.  On

24  July 31, 2006, after receiving a thirty-day extension of time from the Court, plaintiff filed his second

25  application to proceed in forma pauperis.  Plaintiff's application is once again incomplete, as it lacks

26  a prison official's signature and lacks a certified copy of plaintiff's trust account statement.

27  Plaintiff's failure to obey the Court's order is grounds for dismissal of this action.

28  ///

1

In determining whether to dismiss this action or grant plaintiff one final opportunity to file a completed in forma pauperis application, the Court reviewed plaintiff's complaint in this action. 28 U.S.C. § 1915A. Plaintiff is suing the mail room at the California Correctional Institution in Tehachapi. Plaintiff is seeking fifty-thousand dollars in compensatory damages and ten-thousand dollars in punitive damages. The basis of plaintiff's claim is that he mailed two letters to the Supreme Court but has received no response.

Section 1983 provides a cause of action against persons acting under color of state law. The mail room is not a person. Further, by plaintiff's own admission, his claim was not exhausted prior to filing suit, in compliance with 42 U.S.C. § 1997e(a). McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Finally, plaintiff's claim that his constitutional rights were violated by the mail room because two letters he mailed were not responded to is patently frivolous.[1]

As of September 25, 2006, plaintiff has filed one-hundred twenty-two actions in this district, forty-three of which were filed in September alone and many of which were filed on the same day against the same defendant.[2] "[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . . will not be tolerated." Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984). Plaintiff may not pursue a claim for relief under section 1983 against a prison mail room, plaintiff did not exhaust his claim before filing suit, and plaintiff's claim is not cognizable under section 1983 and is in fact frivolous.

Therefore, it is HEREBY ORDERED that:

1.      This action is dismissed, with prejudice, for frivolity; and

2.      This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:    September 29, 2006              /s/ Oliver W. Wanger**
emm0d6                                                    UNITED STATES DISTRICT JUDGE

---

[1] A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

[2] The Court takes judicial notice of its docket.